J-S40009-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MIKE LYONS, | |
| Appellant | No. 1599 WDA 2018 |

Appeal from the Judgment of Sentence Entered November 21, 2017
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0015265-2012

BEFORE:  BENDER, P.J.E., MCLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY BENDER, P.J.E.:                FILED OCTOBER 03, 2019

Appellant, Mike Lyons, appeals nunc pro tunc from the judgment of sentence of 30 to 60 months' incarceration, followed by two years' probation, imposed after his sentence of probation was revoked due to his violating the conditions thereof.  On appeal, Appellant solely challenges the discretionary aspects of his new sentence, contending that the court failed to meaningfully consider the mitigating factors in his case.  After careful review, we affirm.

The trial court briefly summarized the pertinent facts and procedural history, as follows:

> On December 12, 2013, pursuant to a plea agreement, Appellant
> ... pled guilty to one count each of Possession With Intent to
> Deliver, Possession (Cocaine), Tampering with or Fabricating

_____

[*] Retired Senior Judge assigned to the Superior Court.

Physical Evidence, and Possession of Drug Paraphernalia.[1]  This [c]ourt sentenced Appellant in accord with the plea agreement to 18 months of intermediate punishment (House Arrest)[,] followed by 54 months of consecutive probation.  On November 21, 2017, this [c]ourt found Appellant to have violated the terms of his probation.[1]  This [c]ourt revoked Appellant's probation and resentenced Appellant to 30 to 60 months of incarceration, with a consecutive two-year term of probation. The Post-Sentence Motion and appeal periods lapsed.  However, on October 29, 2018, this [c]ourt reinstated appellate rights.  On November 2, 2018, Appellant filed a Post-Sentence Motion, which this [c]ourt denied on November 6, 2018.  Appellant filed a Notice of Appeal on November 13, 2018[,] and a [Pa.R.A.P. 1925(b)] Concise Statement of Errors Complained Of on November 19, 2018.

> [1]  35 Pa.C.S. § 780-113(a)(30), 35 Pa.C.S. § 780-113(a)(16), 18 Pa.C.S. § 4910(1), and 35 Pa.C.S. § 780-113(a)(30), respectively.

Trial Court Opinion (TCO), 3/29/19, at 2-3.  The trial court filed a Rule 1925(a) opinion on March 29, 2019.

Herein, Appellant states one issue for our review: "Whether the [c]ourt erred in denying [Appellant's] post[-]sentence motion when the record shows that the [c]ourt abused its discretion by sentencing [Appellant] without meaningful consideration of numerous mitigating factors, including [Appellant's] education, rehabilitation efforts, vocational training and employment history?"  Appellant's Brief at 3.

Appellant's issue implicates the discretionary aspects of his sentence.

> Challenges to the discretionary aspects of sentencing do not entitle an appellant to review as of right. Commonwealth v. Sierra, 752 A.2d 910, 912 (Pa. Super. 2000).  An appellant

_____

[1] More specifically, Appellant was arrested and charged with new, drug-related offenses shortly after he began serving his sentence of house arrest.  See N.T. Revocation/Resentencing Hearing, 11/21/17, at 3, 5.

- 2 -

challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

> We conduct a four-part analysis to determine: (1) whether [the] appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. 720; (3) whether [the] appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.[] § 9781(b).
>
> Commonwealth v. Evans, 901 A.2d 528, 533 (Pa. Super. 2006), appeal denied, 589 Pa. 727, 909 A.2d 303 (2006). Objections to the discretionary aspects of a sentence are generally waived if they are not raised at the sentencing hearing or in a motion to modify the sentence imposed. Commonwealth v. Mann, 820 A.2d 788, 794 (Pa. Super. 2003), appeal denied, 574 Pa. 759, 831 A.2d 599 (2003).
>
> The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. Commonwealth v. Paul, 925 A.2d 825, 828 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process." Sierra, supra at 912–13.

Commonwealth v. Griffin, 65 A.3d 932, 935 (Pa. Super. 2013) (quoting Commonwealth v. Moury, 992 A.2d 162, 170 (Pa. Super. 2010)).

Here, Appellant filed a timely notice of appeal after his appellate rights were reinstated, and he preserved his sentencing claim in his post-sentence motion. Appellant has also included a Rule 2119(f) statement in his brief to this Court. See Appellant's Brief at 10-11. Therein, he contends that the court abused its discretion in fashioning his sentence because it "imposed a period of incarceration solely to punish repeat behavior[,]" while ignoring

mitigating factors, such as Appellant's work history, that he obtained his GED, and his other efforts to rehabilitate himself. Id. at 10, 11. Appellant concedes that the court had the benefit of a pre-sentence report, but he claims that "the record fails to demonstrate that the [c]ourt did in fact review [it]." Id. at 10.

Appellant's argument does not constitute a substantial question for our review. Initially, the court explicitly declared at the sentencing hearing that it "read the presentence report." N.T. Revocation/Resentencing at 4. Moreover, "[t]his Court has held on numerous occasions that a claim of inadequate consideration of mitigating factors does not raise a substantial question for our review." Commonwealth v. Disalvo, 70 A.3d 900, 903 (Pa. Super. 2013) (quoting Commonwealth v. Downing, 990 A.2d 788, 794 (Pa. Super. 2010) (citation omitted)). We acknowledge that our "Court has also held that 'an excessiveness claim — in conjunction with an assertion that the court failed to consider mitigating factors — raises a substantial question.'" Commonwealth v. Caldwell, 117 A.3d 763, 770 (Pa. Super. 2015). However, at no point in Appellant's Rule 2119(f) statement does he contend that his sentence is excessive. Accordingly, he has not raised a substantial question for our review.

In any event, even had Appellant presented a substantial question, we would reject his sentencing challenge on the merits. At the resentencing hearing, the court stressed that it had originally sentenced Appellant to house arrest in order to give him the "opportunity to remain in the community as a productive member of the community and support his family...." N.T.

Revocation/Resentencing at 8. Nevertheless, Appellant repeated essentially the same, drug-related criminal conduct while serving that mitigated sentence. Id. The court observed that Appellant "was no longer a child making poor decisions" but "was an adult[,]" and that he "continues to choose to violate the law and place other people at risk." Id. Accordingly, it imposed a sentence of incarceration that was "in the standard range of the guidelines originally." TCO at 6.[2]

On appeal, Appellant claims that the trial court erred by focusing on the risk of his re-offending, instead of the mitigating circumstances of his case. For instance, Appellant stresses that he was 42 years old at the time of sentencing, and he cites data suggesting that older individuals are less likely to commit new crimes. See Appellant's Brief at 13-14. Notably, however, Appellant did not present that data and argument to the trial court at the sentencing proceeding. Similarly, he did not argue to the trial court, as he now does on appeal, that it should have placed greater weight on his obtaining his GED, as "[d]ata published by the United States Sentencing Commission shows that education levels impact rates of recidivism." Id. at 14. Appellant cannot obtain relief by raising novel claims that he did not present to the sentencing court. See Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").

_____

[2] The court notes that, "[w]hile the Sentencing Guidelines do not apply to resentencing, this [c]ourt mentions the guidelines for purpose of indicating that the sentence imposed for the convicted violation would have been a standard range sentence if imposed originally." TCO at 6 n.2.

Additionally, as the trial court points out, our Supreme Court has held that "[w]here pre-sentence reports exist, we shall continue to presume that the sentencing judge was aware of relevant information regarding the defendant's character and weighed those considerations along with mitigating statutory factors." TCO at 5 (quoting Commonwealth v. Devers, 546 A.2d 12, 18 (Pa. 1988)). Consequently, the record before us demonstrates that the court considered the mitigating factors in this case, but weighed more heavily the risk that Appellant poses to the community by his continued criminal conduct, and his apparent unwillingness to rehabilitate. Therefore, we would discern no abuse of discretion in the court's sentencing decision.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/3/2019